UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| JOSHUA SMITH, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6:19-CV-090-CHB |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN BARNHART, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |
| | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Joshua Smith is an inmate at the Federal Correctional Institution in Manchester, Kentucky. Proceeding without a lawyer, Smith filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1] This matter is now before the Court on initial screening pursuant to 28 U.S.C. § 2243. *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). For the reasons set forth below, the Court will deny Smith's petition.

In 2008, a jury convicted Smith of multiple federal crimes for his part in a multi-defendant drug conspiracy in Tennessee. *See United States v. Joshua Smith*, No. 1:07-cr-146 at R. 257 (E.D. Tenn. 2008). Those crimes included conspiracy to distribute more than five kilograms of cocaine and 100 kilograms of marijuana, as well as using a communication facility to commit a drug offense, all in violation of 21 U.S.C. §§ 841, 843, 846. *See id.* At sentencing, the trial court determined that Smith was a career offender pursuant to section 4B1.1 of the United States Sentencing Guidelines (U.S.S.G.) because he had at least two prior felony convictions for either a crime of violence or controlled substance offense. As a result, Smith's sentence was enhanced, and the trial court sentenced him to a total of 380 months in prison. *See id.* at Rs. 347, 386. Smith

then filed a direct appeal, but the United States Court of Appeals for the Sixth Circuit affirmed Smith's convictions and sentence and, in doing so, specifically held that "the district court did not err in designating Joshua [Smith] as a career criminal." *United States v. Smith et al.*, 395 F. App'x 223, 235 (6th Cir. 2010). Finally, Smith tried to vacate his sentence pursuant to 28 U.S.C. § 2255, but his efforts were unsuccessful.

Smith has now filed a § 2241 petition with this Court, and it is clear that he is attempting to challenge the validity of his sentence in his underlying criminal case. Smith primarily argues that, in light of intervening case law, his prior convictions are no longer valid predicate offenses for purposes of a sentence enhancement under U.S.S.G. § 4B1.1. [R. 1 at 4-5; R. 1-1 at 2-17]. That said, Smith also argues that the trial court improperly enhanced his sentence under other provisions of the guidelines, including U.S.S.G. §§ 2D1.1 and 3B1.1, and miscalculated his base offense level. [R. 1-1 at 27-32]. Ultimately, Smith asks this Court to "correct[ ] his sentence" and "resentenc[e] him to the statutory mandatory minimum of 240 months." [R. 1-1 at 32].

Smith's petition, however, constitutes an impermissible collateral attack on his sentence. Although a federal prisoner may challenge the legality of his sentence on direct appeal and through a timely § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 habeas petition). After all, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the way the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, Smith cannot use a § 2241 petition as a way of challenging his sentence.

It is true that, in *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), the United States Court of Appeals for the Sixth Circuit indicated for the first time that a prisoner may challenge his sentence in a § 2241 petition. However, in doing so, the court expressly limited its decision to the following, narrow circumstances:

> (1) prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 . . . (2005), (2) who were foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement.

*Id.* at 599-600.

Those circumstances do not apply in this case. That is because the trial court sentenced Smith in 2008, well after the Supreme Court's decision in *Booker* made the sentencing guidelines advisory rather than mandatory. On this basis alone, Smith's claims do not fall within *Hill*'s limited exception for bringing a § 2241 petition to challenge his federal sentence. *See Loza-Gracia v. Streeval*, No. 18-5923 (6th Cir. March 12, 2019) ("Loza-Gracia cannot proceed under *Hill* because he was sentenced in 2011, long after the Supreme Court's January 2005 *Booker* decision made the guidelines advisory rather than mandatory."); *Contreras v. Ormond*, No. 18-5020 (6th Cir. Sept. 10, 2018) ("[The petitioner's] case does not fall within the narrow exception recognized by *Hill* because he was sentenced post *Booker* in 2009, under the advisory sentencing guidelines."); *Arroyo v. Ormond*, No. 17-5837 (6th Cir. April 6, 2018) (holding that since the petitioner was sentenced after *Booker*, his "claim does not fall within *Hill*'s limited exception for bringing a § 2241 habeas petition to challenge a federal sentence"). Thus, Smith's attacks on his sentence are unavailing. Finally, to the extent that Smith's sentence was also enhanced pursuant to other provisions in the law, he has not clearly identified a subsequent, retroactive change in

statutory interpretation by the Supreme Court that reveals that his sentence was somehow improper. In short, Smith's § 2241 petition is without merit.

Accordingly, it is **HEREBY ORDERED** as follows:

1. Smith's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [**R. 1**] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. A corresponding Judgment will be entered this date.

This the 6th day of May, 2019.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY